# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3615

_____

CHRISTOPHER D. POWELL,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____


On appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

April 9, 2019


LONG, JR., ROBERT E., ASSOCIATE JUDGE.

   Christopher Powell appeals his convictions for the first-degree murder of one woman and the attempted first-degree murder of another woman, both committed on February 20, 2016. Because the evidentiary errors he asserts on appeal were unpreserved at trial, reversal is available only if Powell shows that the errors were fundamental. *Williams v. State*, 209 So. 3d 543, 557 (Fla. 2017).

   Powell contends that the trial court committed fundamental error by allowing testimony from a co-defendant regarding the events leading up to the charged incidents – that a BOLO (be on lookout) had been issued for Powell, a warrant had been issued for Powell's arrest, and that Powell "beat [his wife] up."

However, our review of the trial transcript reveals that the co-defendant's comments were isolated, passing references to explain some of Powell's actions being related by the witness. The State never mentioned these portions of the co-defendant's testimony in any argument, and, taken in context of the entire trial, these references did not become a feature of the trial. The admission of these statements was not fundamental error. *See Calloway v. State*, 210 So. 3d 1160, 1191 (Fla. 2017) (unpreserved error "so fundamental as to require reversal 'must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'").

Powell also argues that the trial court fundamentally erred by allowing two sheriff's deputies to testify regarding out of court statements made by the surviving victim during the investigation of the case. The surviving victim testified at trial prior to the testimony of these officers. The record shows that even if contemporaneous objections had been raised, the testimony of these officers did not improperly bolster the witness' credibility in a simple swearing match between witnesses. The surviving victim was not the only witness to Appellant's acts and the record of the entire trial demonstrates overwhelming evidence to support the jury's verdict. Any error in admitting hearsay evidence from these witnesses was harmless and, in the context of the entire trial, certainly not fundamental error. *See Floyd v. State*, 850 So. 2d 383, 400 (Fla. 2002).

AFFIRMED.

B.L. THOMAS, C.J., and JAY, J., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

2

Andy Thomas, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.